UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DONAHUE GEORGE CLOGSTON**,

    Petitioner,

v.                                                                         **CIVIL NO. 05-1235 JB/DJS**

**JOSE ROMERO, Warden,**

    Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254 and comes before the Court by Respondent's Motion to Dismiss filed February 13, 2006 (Docket No. 8). Respondent asserts that Petitioner has failed to assert a constitutional claim cognizable in a §2254 proceeding.

2. By this action, Petitioner seeks to vacate the judgment and sentence entered in No. D-12-15-CR-200200379 in the Twelfth Judicial District, Otero County, of New Mexico on June 3, 2004. In that proceeding Petitioner's probation was revoked and he was sentenced to a term of imprisonment of four and one-half years, to be followed by one year parole. The New Mexico District Court noted that Petitioner had been found guilty of Criminal Damage to Property (Over $1,000) and Unlawful Taking of a Motor Vehicle (Over $2,500). Further, that court concluded that Petitioner had violated the terms and conditions of his parole by failing to pay a DNA fee and

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

provide a DNA sample and by failing to pay restitution. Answer, Exhibit B.

3. Petitioner challenges his conviction and sentence on three grounds. First, he asserts that probation was granted on the grounds that he pay the fees and provide a DNA sample within one year but that his probation was revoked after only six months had passed. Next, he contends that the state judge orally sentenced him to three years imprisonment but that the written judgment and sentence was for a period of four and one-half years incarceration. Last, Petitioner states that he was never contacted by a probation officer while being held in the detention center after being placed on probation and that he served seven days in the center.

**STANDARD OF LAW**

4. If a *habeas* petitioner's claims were adjudicated on their merits by the state courts, he will be entitled to federal *habeas* relief only if he can establish that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. §2254(d)(2). Absent the latter determination, a federal court may grant a writ for *habeas corpus* only if it finds that the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law; decided the case differently than the Supreme Court has on a set of materially indistinguishable facts; or unreasonably applied the governing legal principle to the facts of the prisoner's case. Williams v. Taylor, 529 U.S. 362, 120 S.Ct. 1495, 1521-23 (2000).

**OPINION**

5. Petitioner appealed the revocation of his probation to the New Mexico Court of Appeals, which denied his appeal. Answer, Exhibits D, H. He then sought review by the New Mexico Supreme Court through a petition for writ of *certiorari*, which was denied. Answer, Exhibits I, J.

Petitioner's appeal of his probation revocation was premised upon the contention that he was never informed he was on probation or of the requirements of reporting or complying with the restitution and DNA requirements. Answer, Exhibit D, ¶4.

    6. With regard to Petitioner's claim that his probation was revoked before the full time period for providing DNA samples and fees had passed, the Court notes that Petitioner's Judgment and Suspended Sentence was filed on May 5, 2003 (Answer, Exhibit A) and that his probation was revoked following a hearing held on May 25, 2004 (Answer, Exhibit B, Judgment and Sentence). Petitioner's claim that his probation was revoked contrary to the terms imposed by his initial sentence is not supported by the record. Petitioner has not shown how his arrest prevented his compliance with the requirement that he provide DNA samples or even fees. Further, any challenge to his arrest would be a separate cause of action from a *habeas* petition seeking to challenge the revocation of his probation.

    7. With respect to Petitioner's second claim, that the state judge orally sentenced him to three years imprisonment, the Court notes that Petitioner's initial sentence was for four and one-half years incarceration, which was mitigated to time served and three years probation with the remainder of the sentence suspended. Answer, Exhibit A. Following the revocation of his sentence, he was again sentenced to four and one-half years incarceration and given credit for time served. Answer, Exhibit B. He does not contend that his sentence was not authorized by statute or that it is disproportionate. Any oral representation by the court at the time of sentencing is irrelevant in the face of the signed and filed Judgment and Sentence and Petitioner's assertion fails to raise a claim under the Constitution of the United States.

    8. Petitioner's third claim appears to raise the same issue he raised on direct appeal, which is his claim that he was not notified of the conditions of his probation. A federal court "presume[s]

the factual findings of the state court are correct unless petitioner can rebut this presumption by clear and convincing evidence." <u>Smallwood v. Gibson</u>, 191 F.3d 1257, 1265 (10th Cir. 1999) (citing §2254(e)(1)). The New Mexico Court of Appeals found after a review of the record proper that the trial court's determination that Petitioner had violated his probation was not an abuse of discretion. Answer, Exhibit H, p. 2. Petitioner has not provided the necessary clear and convincing evidence rebutting the factual findings of the New Mexico courts. The conditions of Petitioner's probation were included in his initial judgment and sentence. Answer, Exhibit A, which contradicts his assertion that he was not aware of those conditions.

9. Probation revocation proceedings result in a loss of liberty and are therefore subject to Due Process protections. <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 782 (1973). Under New Mexico law, a probation revocation proceeding is analogous to an administrative hearing, not part of a criminal prosecution. <u>See</u> <u>State v. DeBorde</u>, 121 N.M. 601, 915 P.2d 906, 908 (N.M.Ct.App.1996). In this instance, the Judgment and Sentence following Petitioner's probation revocation reflects that Petitioner was present and represented by counsel. Answer, Exhibit B. Petitioner has not met his burden of providing clear and convincing evidence contrary to the findings of the New Mexico courts that he had violated his parole and that revocation of that parole was not an abuse of discretion. Further, in light of the New Mexico Courts' determination and the lack of evidence presented by Petitioner, he has not shown that he was denied Due Process by that proceeding.

**RECOMMENDED DISPOSITION**

That Respondent's Motion to Dismiss be granted, that the petition be denied and that this matter be dismissed with prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**